UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS JOSE VIDANA,<br><br>                Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                Defendant. | Case No. EDCV 12-01003-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On June 22, 2012, Jesus Jose Vidana ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on October 9, 2012. On January 8, 2013, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 51 year old male who applied for Social Security Disability Insurance benefits on July 29, 2009, and applied for Supplemental Security Income benefits on August 10, 2009. (AR 19.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since September 12, 2008, the alleged onset date. (AR 21.)

Plaintiff's claims were denied initially on December 21, 2009, and on reconsideration on May 6, 2010. (AR 19.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Lisa D. Thompson on May 19, 2011, in West Los Angeles, California. (AR 19.) Claimant appeared at the hearing, testified, and was represented by counsel. (AR 19.) Medical expert ("ME") Betty L. Borden, M.D., and vocational expert ("VE") Gregory S. Jones also appeared and testified at the hearing. (AR 19.)

The ALJ issued an unfavorable decision on May 25, 2011. (AR 19-28.) The Appeals Council denied review on February 27, 2012. (AR 1-6.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises only the following disputed issue as a ground for reversal and remand:

1. Whether the ALJ properly applied the Commissioner's Medical-Vocational Guidelines.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine

3

whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Residual functional capacity ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since September 12, 2008, the alleged onset date. (AR 21.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: bipolar disorder by history; adjustment disorder with mixed emotions; substance-induced mood disorder; fibromyalgia; hypertension; and obesity. (AR 21.)

4

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 22-23.)

The ALJ then found that Plaintiff has the RFC to perform light of work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following limitations:

> . . . ability to lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk two hours in an eight-hour workday; sit six hours in an eight-hour workday; alternate between sitting/standing on an as needed-basis to relieve pain; frequently balance; no more than occasionally climb, stoop, bend, kneel, crouch, or crawl; avoid concentrated exposure to extreme cold; and limited to simple work tasks with simple instructions; in a low stress environment defined as no more than occasional changes in work settings; with no more than occasional judgment/decision-making; and with no more than interaction with supervisors, co-workers and the general public.

(AR 23.) In determining the above RFC, the ALJ made an adverse credibility finding (AR 24), which Plaintiff does not challenge.

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a van driver and production line welder. (AR 26-27.) The ALJ also found that considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform including addressing clerk, sack mender, and table worker. (AR 27.)

Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act. (AR 28.)

**DISCUSSION**

The ALJ decision must be affirmed. Pursuant to the framework of Rule 201.19 of the Medical-Vocational Guidelines, Plaintiff is not disabled.

Preliminarily, the Court notes an error in the ALJ decision. The error is harmless. The ALJ found that Plaintiff retained the residual functional capacity to perform light work. Because

Plaintiff could not perform the full range of light work, the ALJ called a vocational expert to determine the extent to which Plaintiff's limitations eroded the light work occupational base. (AR 27.) The ALJ analyzed the case pursuant to the framework of Rule 201.18. (AR 23, 27.) At the hearing, however, the vocational expert identified three sedentary jobs. (AR 27, 66-67.) Consequently, the ALJ should have relied on the framework of Rule 201.19 for sedentary work. 20 C.F.R. § 404, Subp. P, App. 2, Table No. 2; Cooper v. Sullivan, 880 F.2d 1152, 1157 (9th Cir. 1989). As both rules indicate a finding of "not disabled," the error was harmless because inconsequential to the ultimate non-disability determination. Robbins, 466 F.3d at 885.

Plaintiff contends that the ALJ erred in treating Plaintiff as an individual closer to age 50 and approaching advanced age at the time of the decision. Had the ALJ done so, Plaintiff could have been found disabled under Rule 201.10. Plaintiff's contention has no merit.

Social Security Regulation 20 C.F.R. § 404.1563(b) provides as follows:

> We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will <u>consider</u> whether to use the older age category <u>after evaluating the overall impact of all the factors of your case</u>.

(Emphases supplied.)

The Ninth Circuit provided guidance in interpreting § 1563(b) in Lockwood v. Comm'r of Soc. Sec. Adm., 616 F.3d 1068, 1071-72 (9th Cir. 2010). The Court explained that § 1563(b) does not <u>require</u> an ALJ to use an older age category even if the claimant is within a few days or months of reaching an older age category or to address or explain the age category utilized for the decision. The requirement of § 1563(b) is for the ALJ to <u>consider</u> whether an older age category should be chosen. Lockwood also makes clear that internal Social Security guidance documents relied on by Plaintiff, Program Operations Manual System ("POMS") and Hearings Appeals and Litigation Manual ("HALEX"), are not judicially enforceable. Id. at 1072-73.

6

Here, the ALJ did consider Plaintiff's age. The ALJ specifically found that Plaintiff was 47 years old, a younger individual, on the alleged disability onset date. (AR 27.) Plaintiff, moreover, was not a few days or months from age 50 on the disability onset date. The ALJ also considered Claimant's age in making the step five determination that there are jobs in the national economy he could perform. As in Lockwood, the ALJ satisfied the consideration requirement of § 1563(b).

Plaintiff argues that he turned 50 on August 15, 2011, only 82 days after the date of decision. Plaintiff, however, ignores the portion of § 1563(b) that directs age to be considered "after evaluating the overall impact of all the factors of your case." The overriding factor in the ALJ decision is Plaintiff's serious lack of credibility. (AR 24-26.) Dr. Abujuela twice found no to mild psychiatric limitations. (AR 24.) State agency physician Dr. Amada did not even believe Claimant's alleged mental impairments were severe. (AR 25.) There were unremarkable physical imaging and neurological exams. (AR 25.) The fibromyalgia finding was upheld only by self-report. (AR 26.) Plaintiff does not challenge the ALJ's adverse credibility determination. The ALJ did not apply age in a mechanical fashion and committed no error in not using an older age category in evaluating Plaintiff's claim.

The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security dismissing this case with prejudice.

DATED: January 22, 2013          */s/ John E. McDermott*
                                 JOHN E. MCDERMOTT
                                 UNITED STATES MAGISTRATE JUDGE